```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: May 12, 2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA              :
                                      :    18 CR 14 (VM)
     - against -                      :
                                      :    **<u>ORDER</u>**
FRANK COGNETTA,                       :
                                      :
               Defendant.             :
-------------------------------------X

**VICTOR MARRERO, United States District Judge.**

The Court sentenced defendant Frank Cognetta ("Cognetta") to 24 months' imprisonment followed by 3 years' supervised release. (<u>See</u> Dkt. Minute Entry dated 9/6/2019.) Cognetta is serving his sentence in F.C.I. Fort Dix.

On May 8, 2020, Cognetta requested immediate compassionate release pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). (<u>See</u> "Motion," Dkt. No. 362.) Cognetta has tested positive for COVID-19, and also suffers from diabetes, which, according to the Centers for Disease Control and Prevention ("CDC"), increases his risk of becoming severely ill. The Government submitted a letter in opposition by email on May 11, 2020, attaching as an exhibit Cognetta's medical records. ("Government Opposition.")[1] The Government argues that the Court should deny the Motion

---

[1] The Court will file these records under seal. The Government requested that before its letter is entered onto the docket, the Government be permitted to propose redactions of sensitive health information. Assuming Cognetta wishes to redact his Reply, the Court will direct both parties to resubmit their motions in redacted form.

because, first, Cognetta has failed to exhaust his administrative remedies, and second, Cognetta has not demonstrated an "extraordinary and compelling reason" that would warrant reducing his sentence given that his health appears to otherwise be stable and he would have "equivalent access to medical care whether in prison or at home." (Government Opposition at 1.) Cognetta replied by email on May 11, 2020, pointing to the symptoms he has been experiencing. ("Reply.") Based on its review of the Motion, the Government Opposition, the Reply, Cognetta's medical records, and the relevant case law, the Court will deny the motion on two grounds.

First, Cognetta concedes that he did not exhaust his administrative remedies before seeking compassionate release. Section 3582 allows a court to reduce a term of imprisonment or supervised release but only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." <u>See</u> Section 3582(c)(1)(A). Section 571.61 of Title 28 of the Code of

Federal Regulations sets forth how an inmate must submit a request under Section 3582 to the BOP.

Other courts in this district have waived the exhaustion requirements of Section 3582. See, e.g., United States v. Scparta, No. 18 CR 578, 2020 WL 1910481, at *8 (S.D.N.Y. Apr. 20, 2020). This Court, however, is not persuaded that it can waive Section 3582's exhaustion requirements. As the Supreme Court has instructed, "[w]here Congress specifically mandates, exhaustion is required." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Any argument that it would be futile for Cognetta to exhaust his administrative remedies is unavailing, given that the statute contains an express futility provision, permitting him to seek judicial relief if the BOP does not act on his request within thirty days. See Section 3582; see also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."); Theodoropoulos v. I.N.S., 358 F.3d 162, 172 (2d Cir. 2004) ("[C]ourts are required to strictly enforce statutory exhaustion requirements.").

Second, the Court is not persuaded that "extraordinary and compelling reasons" exist here that would warrant a reduction in sentence. Before reducing a term of imprisonment or supervised release, the Court must consider the factors

3

set forth in 18 U.S.C. Section 3553(a) and find that "extraordinary and compelling reasons warrant such a reduction." See Section 3582(c)(1)(A)(i). Section 1B1.13 of the United States Sentencing Guidelines ("Section 1B1.13") provides guidance on the circumstances under which "extraordinary and compelling reasons" exist, including, but not limited to, serious medical conditions. Section 1B1.13 Application Note 1(A)(i). While COVID-19 can be fatal, the Government's letter points out, and the medical records confirm, that Cognetta has been largely asymptomatic, notwithstanding Cognetta's experience of certain respiratory symptoms in early April. He is now more than halfway through the ten-day isolation period mandated by the CDC. And while Cognetta argues that Fort Dix is not equipped to care for COVID-19 patients because, among other deficiencies, it has no ventilators, the Government states that Fort Dix will transport him to a hospital in the event his condition becomes unstable.

The Court recognizes that Cognetta's situation may change, and the Court also notes that the Government expresses slight hesitation regarding Fort Dix's hospitalization procedures, representing only that the Government "understands" that Cognetta will be hospitalized as necessary and that the Government "understands" that Fort Dix has

4

contracted with multiple hospitals in the surrounding region. The Court further recognizes that prison hospitalization procedures may be changing on a weekly, if not daily, basis, to accommodate the exigencies presented by the COVID-19 pandemic. Accordingly, if his condition deteriorates such that he needs hospitalization, and his facility is unable or unwilling to hospitalize him, Cognetta may renew his application for relief.

Accordingly, it is hereby

**ORDERED** that defendant Frank Cognetta's ("Cognetta") motion for compassionate release (Dkt. No. 362) is **DENIED**. The Government and Cognetta are directed to submit redacted versions of their submissions for docketing.

**SO ORDERED.**

Dated: New York, New York
       12 May 2020

_____
Victor Marrero
U.S.D.J.