```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/17/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                 - against -

FRANK COGNETTA,

                 Defendant.

**18 Cr. 14 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

Defendant Frank Cognetta ("Cognetta") moves for early termination of his term of supervised release pursuant to 18 U.S.C. § 3583(e) ("§ 3583(e)"), due to his recent cancer diagnosis and ongoing treatment. ("Motion" or "Mot.," Dkt. No. 424.) The Probation Office does not object to his request, noting that Cognetta "meets the criteria" for early termination. (Id., Ex. D.) The Government, however, opposes his request. ("Opp.," Dkt. No. 426.) For the reasons stated below, the Motion is **GRANTED**.[1]

On March 11, 2019, Cognetta pleaded guilty to Count 1 of the Indictment, which charged him with racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (Dkt. No. 281.) The Court sentenced Cognetta to 24 months' imprisonment, to be followed by

---

[1] Because the Court is modifying the terms of Cognetta's supervised release in his favor, a hearing is not required. Fed. R. Crim. P. 32.1(c)(2)(B) ("A hearing is not required if . . . the relief sought is favorable to the person and does not extend the term of . . . supervised release."); see § 3583(e)(1) (providing that supervised release may be terminated "pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation").

three years' supervised release, on September 6, 2019. (Id.) On July 15, 2021, Cognetta completed his term of imprisonment and began serving his three-year term of supervised release. (Mot. at 2.) By defense counsel's calculation (which the Government does not contest), Cognetta's term of supervision is set to expire in mid-July. (Id. at 4.)

The Court may terminate a term of supervised release at any time after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1). In determining whether to grant early termination, the Court must consider several factors set forth in 18 U.S.C. § 3553(a) ("§ 3553 factors"),[2] as well as any "new or unforeseen circumstances" that would make early termination appropriate. United States v. Lussier, 104 F.3d 32, 35-36 (2d Cir. 1997). This determination is within the Court's discretion. Id.

The Court finds that Cognetta's recent cancer diagnosis is a "new or unforeseen circumstance" warranting early termination in the interest of justice. Courts have granted early termination when a defendant's health has declined since the imposition of the term of supervision and the defendant has fully complied with the terms of supervised release. See, e.g., United States v. Jimenez,

---

[2] Specifically, § 3583(e) directs courts to consider § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7).

No. 99 Cr. 1110, 2012 WL 3854785, at *2 (S.D.N.Y. Sept. 5, 2012) (granting early termination in light of defendant's "medical issues," which included diabetes, knee surgery from a car accident, and partial paralysis caused by a stroke, and his full compliance with conditions of supervised release); United States v. Martin, No. 12 Cr. 20721, ECF No. 29, at 2-3 (E.D. Mich. Nov. 17, 2021) (finding "Defendant's deteriorating health along with his satisfactory compliance with the terms of supervised release thus far warrant early termination"); United States v. Kaplan, No. 14 Cr. 226, 2021 WL 4521041, at *3 (D.D.C. Oct. 4, 2021) (granting early termination in light of defendant's "deteriorating health" and "aggressive treatment" for prostate cancer, along with his full compliance with terms of supervised release). Cognetta was diagnosed earlier this year with esophageal cancer, which requires frequent chemotherapy and radiation treatment and may require surgery. (Mot. at 3; see id., Ex. C (medical records); id., Ex. B (same).) Though Cognetta had been continually employed since his release from prison, his cancer treatments have left him unable to work. (Id.) They have also hindered his ability to co-parent his three younger children and have prevented him from traveling to Long Island to visit his oldest daughter, who suffers from a disability. (Id.) Despite this serious medical issue, Cognetta has continued to fully comply with the conditions of his supervised

release.[3] (Id. at 4.) The Court has no trouble concluding that this new and unforeseen circumstance warrants early termination in the interest of justice. Cf. United States v. Wang, No. 18 Cr. 882, 2023 WL 7019111, at *1 (S.D.N.Y. Oct. 25, 2023) (concluding defendant's "need to travel freely overseas to visit his ailing mother . . . is the kind of 'new or unforeseen circumstance'" that warrants early termination).

The Court finds that the relevant § 3553(a) factors also weigh in favor of early termination. Cognetta accepted responsibility for his conduct by pleading guilty, he completed his 24-month sentence without incident, and the government concedes he has fully complied with the conditions of his supervision. (Mot. at 4; Opp. at 1.) See § 3553(a)(1); see also Kaplan, 2021 WL 4521041, at *3 ("[A] defendant's post-incarceration conduct is especially relevant because . . . the general focus of supervised release is forward looking and centered on defendant's trajectory after incarceration."). Cognetta has already served 33 1/2 months of his 36-month term (~93%), which is well within the Guidelines range of 24 to 36 months. (Mot. at 4 (citing Dkt. No. 258, PSR ¶ 189).) See

---

[3] The Government argues that "defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to" early termination. (Opp. at 1 (quoting United States v. Flores, No. 99 Cr. 1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010).) But Cognetta does not rely on his compliance alone; he asks the Court to consider his full compliance in conjunction with his cancer diagnosis. See United States v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (Marrero, J.) (observing that compliance with terms of supervision can warrant early termination when accompanied by "changed circumstances" such as "medical issues"); e.g. Jimenez, 2012 WL 3854785, at *2; Martin, No. 12 Cr. 20721, ECF No. 29, at 2-3; Kaplan, 2021 WL 4521041, at *3.

§ 3553(a)(4). By comparison, Cognetta's co-defendant had only served 20 1/2 months of his 36-month term of supervision when this Court granted him early termination in May 2022. (Mot. at 4; see Dkt. No. 408.) See § 3553(a)(6). The Government does not suggest that Cognetta poses a danger to the public, and the Court finds that he poses a low risk of recidivism based on his Criminal History Category I – with only one prior arrest in 1996 for driving under the influence. (Mot. at 4 (citing PSR ¶ 79); see also PSR pg. 38 ("[Cognetta] is not viewed as a . . . danger to the community.").) See § 3553(a)(2)(B)-(C). Finally, the Government fails to identify any rehabilitative needs that could only be served by continued supervision; to the contrary, continued supervision would likely only burden Cognetta's ongoing medical treatments. See § 3553(a)(2)(D). The only factor weighing against early termination is Cognetta's outstanding restitution obligations. (Opp. at 1-2 (highlighting that Cognetta still owes $404,185).) See § 3553(a)(7). The Court nonetheless credits Cognetta for maintaining these payments even after losing his job due to his cancer treatments, which the Government does not dispute. (Mot. at 2; Opp. at 1-2.)

In sum, the Court is not persuaded that the § 3553(a) factors require Cognetta to serve out the remaining 2 1/2 months of his supervised release. The Court therefore concludes that Cognetta's cancer diagnosis and treatment is a "new and unforeseen

circumstance[] [that] render[s] the previously imposed term 'too harsh or inappropriately tailored to serve the general punishment goals of [§] 3553(a).'" <u>Wang</u>, 2023 WL 7019111, at *1 (quoting <u>Lussier</u>, 104 F.3d at 36).

Accordingly, it is hereby

**ORDERED** that the Motion for Early Termination of Supervised Release (Dkt. No. 424) is **GRANTED**; and it is further

**ORDERED** that defendant Frank Cognetta's term of supervised release be terminated early, effective immediately.


**SO ORDERED.**

Dated:    17 May 2024
          New York, New York

_____
                Victor Marrero
                U.S.D.J.